# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| BLUEBECK HOLDINGS LTD.,<br><br>    Plaintiff,<br><br>vs.<br><br>SWN PRODUCTION COMPANY, LLC,<br>SOUTHWESTERN ENERGY COMPANY,<br>SWN ENERGY SERVICES COMPANY, LLC,<br>WILLIAM J. WAY, CARL GIESLER, JR.,<br>CHRISTOPHER W. LACY, JOHN KELLY,<br>COLIN O'BEIRNE and ROBERT MCINTOSH,<br><br>    Defendants. | Civil Action No. 4:24-cv-04037<br>ASH/YYH |

## BLUEBECK HOLDINGS LTD.'S RULE 26(a) DISCLOSURES

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, Plaintiff, Bluebeck Holdings Ltd. ("Bluebeck") makes the disclosures that follow. Bluebeck expressly notes that this litigation is in its early stages and the following disclosures are subject to revision, amendment, or modification.

**Rule 26(a)(1)(A)(i)** – name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

| Name and address/phone: | Subjects of information: |
|---|---|
| Julianne Beckerman<br>c/o Steven G. Leventhal<br>15 Remsen Avenue<br>Roslyn, New York  11576 | Bluebeck;<br><br>Lease, Amendment to Lease, Proposed Surface Use Agreement;<br><br>Damage Receipt and Release, Development Plan and attachments for Bluebeck well site and access road. Calculation and payment of royalties; |

|  | Other subjects as informed by the pleadings/filings. |
|---|---|
| William J. Way<br>c/o Defendant's counsel | Sales and Transportation of Natural Gas Produced by Defendant Entities;<br><br>Structure of Defendant Entities;<br><br>Relationships, agreements and purported transactions among Defendants;<br><br>Regulatory Reporting by Defendant Entities;<br><br>Calculation and payment of royalties;<br><br>Other subjects as informed by the pleadings/filings. |
| Carl Geisler, Jr.<br>c/o Defendant's counsel | Sales and Transportation of Natural Gas Produced by Defendant Entities;<br><br>Structure of Defendant Entities;<br><br>Relationships, agreements and purported transactions among Defendants;<br><br>Regulatory Reporting by Defendant Entities;<br><br>Calculation and payment of royalties;<br><br>Other subjects as informed by the pleadings/filings. |
| Christopher W. Lacy<br>c/o Defendant's counsel | Sales and Transportation of Natural Gas by Defendant Entities; |

|  | Structure of Defendant Entities;<br><br>Relationships, agreements and purported transactions among Defendants;<br><br>Regulatory Reporting by Defendant Entities;<br><br>Calculation and payment of royalties;<br><br>Other subjects as informed by the pleadings/filings. |
|---|---|
| John Kelly<br>c/o Defendant's counsel | Sales and Transportation of Natural Gas by Defendant Entities;<br><br>Structure of Defendant Entities;<br><br>Relationships, agreements and purported transactions among Defendants;<br><br>Regulatory Reporting by Defendant Entities;<br><br>Calculation and payment of royalties;<br><br>Other subjects as informed by the pleadings/filings. |
| Colin O'Beirne<br>c/o Defendant's counsel | Payments to Bluebeck;<br><br>Admitted underpayment to Bluebeck;<br><br>Purported overpayment to Bluebeck;<br><br>Sales and Transportation of Natural Gas by Defendant Entities; |

|  | Structure of Defendant Entities; |
|  | Relationships, agreements and purported transactions among Defendants. |
|  | Regulatory Reporting by Defendant Entities; |
|  | Calculation and payment of royalties; |
|  | Other subjects as informed by the pleadings/filings. |
| Any and all persons identified in any depositions or affidavits in SWN Production Company, LLC v. Blue Beck Ltd., Middle District Case No. 3:22-cv-00091-MEM. | Subjects as informed by the pleadings/filings. |
| Any and all persons identified in any documents produced in discovery in SWN Production Company, LLC v. Blue Beck Ltd., Middle District Case No. 3:22-cv-00091-MEM. | Subjects as informed by the pleadings/filings. |
| Any and all persons listed in Defendant's Initial Disclosures or discovery responses. | Subjects as informed by the pleadings/filings. |
| Any and all persons identified in any depositions or affidavits in this case. | Subjects as informed by the pleadings/filings. |
| Any and all persons identified in any documents produced in discovery in this case. | Subjects as informed by the pleadings/filings. |

**Rule26(a)(1)(A)(ii)** – copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

1. Royalty statements transmitted to Bluebeck or Bluebeck Ltd.;

2. Lease, Amendment to Lease, Proposed Surface Use Agreement, Damage receipt and Release, Development Plan and attachments for Bluebeck well site and access road;

3. Correspondence with Bluebeck Ltd. regarding Events of Default

4. Correspondence by, between, among or on behalf of the parties in <u>SWN Production Company, LLC v. Blue Beck Ltd.</u>, Middle District Case No. 3:22-cv-00091-MEM, regarding that action or its subject matter.

5. All documents and things attached to the Complaint.

6. All documents and things produced, and testimony taken in <u>SWN Production Company, LLC v. Blue Beck Ltd.</u>, Middle District Case No. 3:22-cv-00091-MEM.

**Rule 26(a)(1)(A)(iii)** – a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

    (i)    on the First Cause of Action against all defendants for Federal Civil RICO violations, awarding treble damages in an amount to be determined at trial, but not less than $100,000,000.00;

    (ii)    on the Second Cause of Action against all defendants for Conspiracy to Violate the RICO Act, awarding treble damages in an amount to be determined at trial, but not less than $100,000,000.00;

    (iii)    on the Third Cause of Action against all defendants for State Law Conspiracy, awarding compensatory and punitive damages in an amount to be determined at trial, but not less than $100,000,000.00;

(iv)    on the Fourth Cause of Action against defendants SWN Production and SWNCO for Common Law Fraud, awarding compensatory and punitive damages in an amount to be determined at trial, but not less than $100,000,000.00;

(v)    on the Fifth Cause of Action against defendant SWN Production for breach of contract, awarding compensatory damages in an amount to be determined at trial; and directing specific performance of the insurance requirement of Lease Section 11(c), and of the provisions of the Damage Receipt and Release and the Development Plan requiring construction and maintenance of the quarry access road, implementation of noise abatement and scenic mitigation measures, and securing the closure of the entrance gate, awarding compensatory damages in an amount to be determined at trial, but not less than $40,000,000.00;

(vi)    on the Sixth Cause of Action against defendants SWN Production, SES and SWNCO for Conversion, awarding compensatory damages in an amount to be determined at trial, but not less than $35,000,000.00;

(vii)    on the Seventh Cause of Action against defendant SWNCO for Unjust Enrichment, awarding compensatory damages in an amount to be determined at trial, but not less than $35,000,000.00;

**Rule 26(a)(1)(A)(iv)** – for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

None.

**RESERVATION OF RIGHTS** – As this case is in its early stages Bluebeck reserves its rights to supplement any and all of the forgoing responses should such supplementation become necessary or appropriate.

Dated:  February 4, 2025

          Respectfully submitted,

          By: */s/ Robin L. Harrison*
           Robin L. Harrison
           Texas Bar No. 09120700
           S.D. I.D. No. 4556
           rharrison@hicks-thomas.com
           Gregg C. Laswell
           S.D. I.D. No. 1798
           Texas Bar No. 11971500
           glasswell@hicks-thomas.com
           Hicks Thomas LLP
           700 Louisiana Street, Suite 2300
           Houston, Texas 77002
           713.547.9100 (Telephone)
           713.547.9150 (Facsimile)

           */s/ Steven G. Leventhal*
           Steven G. Leventhal
           S.D. I.D. No. 3897262
           NY Registration No. 1713593
           Leventhal, Mullaney & Blinkoff, LLP
           15 Remsen Avenue
           Roslyn, New York 11576
           (516) 484-5440, ext. 101 (Tel.)
           (516) 324-4263 (Fax)
           steven@lmbesq.com

          Attorneys for Plaintiff Bluebeck Holdings Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed and served electronically on February 4, 2025. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Robin L. Harrison*
Robin L. Harison
