United States District Court
Southern District of Texas
**ENTERED**
September 29, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BLUEBECK HOLDINGS, LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:24-4037 |
| | § | |
| SWN PRODUCTION COMPANY, LLC ET AL, | § | |
| | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**ORDER**

Pending before the Court is Defendants' Motion to Strike the Expert Reports and Exclude the Testimony of Jeffrey A. Dehart (Doc. No. 121), the brief in support of that motion (Doc. No. 122), and the Plaintiff's response in opposition (Doc. No. 136). It also has before it the Plaintiff's Motion to Exclude or Limit the Testimony of Defendant's Expert Eric Krause (Doc. No. 126) and the Defendants' response and brief in opposition. (Doc. No. 135).

## I. General Objections

The Court disposes of two of the primary issues before it addresses the more specific complaints. Both sides have agreed that the governing documents in this case (the 2009 Lease and the 2014 Amendment) are unambiguous and ought to be enforced as written. (*See generally*, Doc. No. 119 at 14–16; Doc. No. 127 at 17). Therefore, neither Dehart nor Krause will be allowed to proffer any testimony that contradicts the contract language, nor will they be allowed to offer legal analysis or opinions as they are not qualified to do so. Oral testimony will not be allowed to contradict the plain wording of the contract. The brief supporting Defendants' Motion for Summary Judgment succinctly encapsulates the governing law:

> In Pennsylvania, an oil and gas lease "is in the nature of a contract and is controlled by principles of contract law." *T.W. Phillips Gas & Oil Co. v. Jedlicka*, 42 A.3d 261, 267 (Pa.2012). Pennsylvania contract law begins with the "firmly settled" point that "the intent of the parties to a written contract is contained in the writing itself." *Bohler-Uddeholm Am., Inc. v. Ellwood Grp.*, 247 F.3d 79, 92 (3d Cir. 2001). Thus, an oil and gas lease "must be construed in accordance with the terms of the agreement as manifestly expressed, and '[t]he accepted and plain meaning of the language used, rather than the silent intentions of the contracting parties, determines the construction to be given the agreement.'" *T.W. Phillips*, 42 A.3d at 267 (*quoting Willison v. Consolidation Coal Co.*, 637 A.2d 979, 982 (Pa. 1994)).
>
> Further, "if the words are clear and unambiguous the intent is to be discovered only from the express language of the agreement." *Steuart v. McChesney*, 444 A.2d 659, 661 (Pa. 1982). Consistent with this principle, it is the accepted and plain meaning of the language used by the parties in an oil and gas lease that controls its interpretation. *Willison*, 637 A.2d at 982. Thus, "'[i]t is not the province of the court to alter a contract by construction or to make a new contract for the parties; its duty is confined to the interpretation of the one which they have made for themselves, without regard to its wisdom or folly.'" *Steuart*, 444 A.2d at 662.
>
> (Doc. 119 at 9).

Secondly, an expert report is, by its very nature, hearsay. This Court will not admit the expert reports of either Dehart or Krause absent an agreement of the parties. Therefore, the fact that a certain statement in one of the reports is a legal conclusion or is objectionable for some other reason should not be a concern as the jury will never see that statement. If an attempt to solicit such testimony occurs at trial, a proper objection can be made.

## II. Specific Objections

The Court now turns to Plaintiff's specific concerns regarding Krause. The Court has already dealt with the concern that either side will offer legal opinions through the two prospective expert witnesses in question. The answer is the Court will not allow it.

The only other objections voiced by Plaintiff regarding Krause's purported testimony are based upon relevance. First, Plaintiffs argue that Krause's opinions concerning the impact of the lease provisions on other royalty owners are erroneous and irrelevant. Second, Plaintiffs argue that Krause's hypothetical opinion about affiliate sales is irrelevant and speculative. The Court

overrules these objections as premature and beyond the scope of a *Daubert* motion. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590–93 (1993). At this juncture, the primary purpose of *Daubert* is to attack reliability. The Court will address relevance in response to a proper objection or motion in limine just before or during trial.

The Defendants' primary challenge to Dehart is aimed at the fact that many of his statements could be interpreted as legal conclusions. The Court has dealt with this in the preceding section. Dehart will not be allowed to opine on the law or to offer opinions that counter the language of the agreed-upon contracts.

The Court finds that Dehart is qualified to perform damage calculations and to testify about those calculations using the guidelines set out in the Lease. To the extent Defendants' question his math or his ability to perform those calculations, they can attack these "flaws" on cross-examination. *Daubert*, itself, suggests this very course. 509 U.S. 579 at 595–96 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence").

## III. Conclusion

The Court grants in part and denies in part Defendants' Motion to Strike the Expert Reports and Exclude the Testimony of Jeffrey A. Dehart (Doc. No. 121) and Plaintiff's Motion to Exclude or Limit the Testimony of Defendant's Expert Eric Krause (Doc. No. 126). Neither expert will be allowed to testify to legal concepts or to interpret the unambiguous contracts in question. Absent agreement, none of the expert reports will be admitted. The Court reserves its ruling as to the relevance of either expert's testimony.

It is so ordered.

Signed on this the 29th day of September, 2026.

Andrew S. Hanen
United States District Judge